IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID BRADFORD POSTELLE, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-11-425-R ) |
| ROBERT EZELL, Warden, | ) ) |
| Respondent. | ) |

### ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Doyle W. Argo entered April 11, 2012 [Doc. No. 20] and Petitioner's Objection [Doc. No. 23] filed May 30, 2012. Petitioner objects to the conclusions of the Magistrate Judge on all six grounds for relief in his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's objections. Petitioner also again objects to not having a copy of the entire trial transcript for purposes of advancing argument with respect to grounds one through five and to not having access to a law library. However, it is apparent from a review of Petitioner's objection that Petitioner had a copy of those portions of the transcript relevant and necessary to support his arguments. It is likewise apparent that Petitioner had access to relevant case law and other authorities and/or that Petitioner has not been prejudiced by the alleged lack of access to a law library.

Upon the Court's careful review of the 32-page Report and Recommendation and Petitioner's objections, the Court agrees with the findings and conclusions of the Magistrate Judge. The trial judge's refusal to give an accomplice instruction and an instruction on the

credibility of informers did not render Petitioner's trial fundamentally unfair in the context of the entire trial, *see Foster v. Ward*, 182 F.3d 1177, 1193 (10th Cir. 1999), particularly in light of corroboration of Wilder's testimony; the trial court's instructions on assessing the credibility of witnesses in general; Petitioner's cross-examination of Wilder, Bauman and Sanders in which he had the opportunity to and did attack their credibility, examine them on their allegedly inconsistent testimony and statements both before and after each witness made his/her deal with the State, and elicit testimony that they were not disinterested but had immunity and/or agreements with the State; and the substantial circumstantial evidence of Petitioner's guilt. Additionally, copies of Wilder's agreement to cooperate and Sanders' plea agreement were entered into evidence.

A lesser included offense instruction of accessory after the fact was not constitutionally required. *See Beck v. Alabama*, 447 U.S. 625, 638 n. 14, 100 S.Ct. 2282, 65 L.Ed.2d 392, 403 n. 14 (1980); *Lujan v. Tansy*, 2 F.3d 1031, 1036 (10th Cir. 1993). Even if there was sufficient evidence to warrant the giving of such an instruction, as Petitioner argues, Petitioner in this non-capital case is not entitled to habeas relief based upon the trial court's failure to give the lesser included offense instruction. *Lujan v. Tansy*, 2 F.3d at 1036.

The prosecutor's statements which are the subject of Petitioner's fourth ground for relief were arguments of reasonable inferences to be drawn from the evidence and within the latitude allowed in commenting on the evidence and arguing reasonable inferences therefrom during closing argument. *See e.g., Hooper v. Mullin*, 314 F.3d 1162, 1172 (10th Cir. 2005). Given this, Petitioner's counsel's responsive argument, Trial Tr. Vol X at 2515-18, and the substantial

circumstantial evidence of Petitioner's guilt, the prosecutor's statements in no way rendered Petitioner's trial fundamentally unfair, depriving Petitioner of due process. *See Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144, 157 (1986).

The evidence at Petitioner's trial, viewed in the light most favorable to the prosecution, was sufficient for a rational trier of fact to find the essential elements of first degree murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979). In reviewing the evidence under this standard, the Court does not assess the credibility of witnesses or weigh conflicting evidence, *see Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir. 1996), as Petitioner in effect asks this Court to do ("Petitioner's conviction was founded on unreliable, inconsistent testimony and nothing more," Objection at p. 16).

Finally, because Petitioner failed to show that two or more constitutional errors occurred during his trial, Petitioner's assertion of cumulative error, his sixth ground for relief, is without merit. *See Parker v. Scott*, 394 F.3d 1302, 1327 (10th Cir. 2005); *Hain v. Gibson*, 287 F.3d 1224, 1244 (10th Cir. 2002).

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 20] is ADOPTED and the petition of David Bradford Postelle for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. Petitioner's request for an evidentiary hearing is also DENIED.

IT IS SO ORDERED this 4th day of June, 2012.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE